UNITED STATES, Appellee

v

ALEXANDER B. SCHWED, Private E–2, U. S. Army, Appellant

8 USCMA 305, 24 CMR 115

No. 9774

Decided October 11, 1957

*First Lieutenant Arnold I. Melnick* argued the cause for Appellant, Accused. With him on the brief were *Colonel Edward M. O'Connell* and *Captain John F. Christensen.*

*First Lieutenant James G. Duffy* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel Thomas J. Newton* and *First Lieutenant Robert L. Spatz.*

## Opinion of the Court

GEORGE W. LATIMER, Judge:

A general court-martial convicted this accused of the offense of larceny, in violation of Article 121, Uniform Code of Military Justice, 10 USC § 921. He was sentenced to a bad-conduct discharge, total forfeitures, and confinement at hard labor for nine months. Intermediate appellate agencies affirmed, and we granted his petition for review to consider whether the law officer's instructions on voluntariness as affecting the weight to be given to pretrial statements of the accused were correct.

In the course of interrogations conducted by two criminal investigators in the pretrial phase of this case, the accused acknowledged his guilt of the offense charged, both orally and in a signed statement. After trial counsel had supplied an evidentiary foundation to support a finding that the statements were taken in conformity with the standards of Article 31, Uniform Code of Military Justice, 10 USC § 831, the investigators were permitted, over objection, to testify to the oral confession. Thereafter the accused's signed statement was admitted in evidence. While the accused admitted he was warned and aware of his rights under Article 31, prior to furnishing evidence against himself, it was his contention at trial that he had confessed only because the agents had harrassed him and held out an inducement that he would be the beneficiary of favorable treatment in that he would be tried by a summary court-martial and merely sentenced to a fine and restitution.

The law officer instructed the court on the issue of involuntariness when he admitted the testimony which related to accused's oral confession and again when he admitted the signed confession. In addition, the same instruction was given to the court when he submitted his final charge. While he was meticulous in keeping the court posted on its duty to ascertain voluntariness, unfortunately error was committed because the instruction given and twice repeated is substantially the same as the one we held to be prejudicially erroneous in United States v Jones, 7 USCMA 623, 23 CMR 87. Here, the Government concedes fairly that the instruction in this case cannot be distinguished from the one given in that instance, and the concession is in order.

While we did not reverse the findings and sentence in that case, we reach a different result in this instance because there was no induced error. Here, the law officer gave the instruction on his own initiative, believing that the voluntariness of accused's confession was in issue. Defense counsel made no request for the instruction, so, at best for the Government, his lapse, if any, was purely one of omission. Therefore, the doctrine of self-induced error is not applicable and we do not invoke waiver because at the time of trial the prin-

ciples set out in United States v Dykes, 5 USCMA 735, 19 CMR 31, and United States v Higgins, 6 USCMA 308, 20 CMR 24, prevailed, and defense counsel cannot be criticized for not objecting to an instruction approved by us.

The Government, in seeking to escape the effect of the Jones decision, contends that the error was ■ not materially prejudicial to accused's substantial rights, within the meaning of Article 59 (a), Uniform Code of Military Justice, 10 USC § 859. That argument was answered by the author Judge in his concurring opinion in United States v Dykes, supra, for the Government's case was substantially based upon the accused's pretrial confession. While in that case the thought expressed was by a single member of the Court, subsequently, in United States v Jones, supra, it was quoted with approval by the majority. The concept therein declared may be gathered from the following language:

". . . 'It makes little sense to say a confession can be rejected and yet weighed for its truthfulness and if found not to be false, it may be used to support a finding. At the very least that would in all instances result in an acceptance of the evidence and an assessment of its truthfulness. If it were corroborated by some other evidence it would never be rejected. I do not say a contrary interpretation is impermissible but it very effectively chisels away a right running to the accused without any compensating benefit.' "

Lastly, the Government argues that our reversal of the Dykes and Higgins holdings represents only a change in a matter of procedure and, therefore, should be given only prospective effect. Suffice it to say that at the time we reversed our prior holdings we gave consideration to that possibility and had we believed the instruction could be disregarded until counsel in the field were notified of the contemplated change, we would have so stated in our decision. However, where there is actual prejudice to an accused because of an erroneous instruction, a correction in the future does not afford him a fair trial. He is entitled to that privilege and its denial is a sufficient base for an order directing a rehearing.

The decision of the board of review is reversed, the record of trial is returned to The Judge Advocate General of the Army for reference to a board of review which may, in its discretion, order a rehearing or dismiss the charge and specification.

Judge FERGUSON concurs.

QUINN, Chief Judge (concurring in the result):

I doubt whether there is any real difference between a general instruction to the effect that, notwithstanding a ruling admitting a confession into evidence, the court members can determine for themselves that the confession is involuntary because obtained by coercion or undue influence, and that they, therefore, need not consider it at all as evidence and an instruction advising the court-martial that, despite the ruling admitting the confession, it can consider whether the confession is voluntary, and if it concludes that it is not, give it no weight whatsoever. The difficulty here is that the instruction equates the question of voluntariness to truthfulness. In part, the law officer said, "you should give weight to the statements only to the extent that you believe them to be truthful." A confession can be truthful and yet involuntary. Under the instruction given, it is possible, as the principal opinion points out, that if the confession were corroborated by some other evidence, it would not be rejected or disregarded, even though the court members concluded that it had been involuntarily obtained. Accordingly, I join in the result reached in the principal opinion.