## UNITED STATES, Appellee

v

### JAMES J. FARRELL, Private First Class, U. S. Army, Appellant

### 8 USCMA 308, 24 CMR 118

### No. 9668

### Decided October 11, 1957

First Lieutenant Arnold I. Melnick argued the cause for Appellant, Accused. With him on the brief were Colonel Edward M. O'Connell and Captain John F. Christensen.

First Lieutenant Thomas M. Lofton argued the cause for Appellee, United States. With him on the brief were Lieutenant Colonel Thomas J. Newton and First Lieutenant Arnold I. Burns.

## Opinion of the Court

GEORGE W. LATIMER, Judge:

A general court-martial convicted accused of two offenses of assault with intent to commit sodomy and of a third offense of assault and battery, in violation of Articles 134 and 128, Uniform Code of Military Justice, 10 USC §§ 934 and 928, respectively. He was sentenced to a dishonorable discharge, total forfeitures, and confinement at hard labor for five years. The convening authority approved the findings and sentence, except to reduce the confinement and forfeitures to four years, and a board of review affirmed. Accused's petition for review contends that the law officer erred when he instructed the court relative to the laws on the involuntariness of a confession. The Government presented evidence that a pretrial statement given by the accused had been obtained without threat, promise, coercion, or inducement. In addition, it had established that the provisions of Article 31, Uniform Code of Military Justice, 10 USC § 831, had been read to the accused by an investigator who had ascertained that the accused understood them. The accused then gave his version of the circumstances under which the statement was obtained. He admitted having been read his rights under Article 31, but claimed that they had not been explained to him and that he had executed the statement only under pressure of threats of false testimony by the agent about an alleged oral statement and by promises of leniency in separating him from the service by other means than a court-martial. His allegations were categorically denied by the investigator, although the latter admitted that the accused's reluctance to sign the statement lasted for two hours and that he had told the accused he could testify to his oral confession if he re-

308

fused to sign a statement. The law officer admitted the statement into evidence, giving an instruction then and in his final charge to the court upon the issue of the voluntariness of the accused in executing an out-of-court admission or confession. The instructions were facsimiles, with appropriate substitutions, of the one which was held to be prejudicially erroneous in United States v Jones, 7 USCMA 623, 23 CMR 87.

As in United States v Schwed, 8 USCMA 305, 24 CMR 115, decided this day, the Government concedes an instructional error in the hindsight of United States v Jones, supra. In this case, as in Schwed, supra, the confession formed a substantial part of the Government's case, the error was not induced by the defense, and the arguments which the Government advances for sustaining the findings and sentence in this case were resolved against it in that instance. The Schwed case is, therefore, dispositive.

Accordingly, the decision of the board of review is reversed, the trial record is returned to The Judge Advocate General of the Army for reference to a board of review for further action not inconsistent with this opinion.

Judge FERGUSON concurs.

Chief Judge QUINN concurs in the result.