UNITED STATES, Appellee

v

ALONZO SCOTT, Private E–2, U. S. Army, Appellant

8 USCMA 309, 24 CMR 119

No. 9676

Decided October 11, 1957

*First Lieutenant Jerome H. Gerber* argued the cause for Appellant, Accused. With him on the brief was *Lieutenant Colonel James M. Scott.*

*First Lieutenant Chester F. Relyea* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel Thomas J. Newton* and *First Lieutenant Arnold I. Burns.*

Opinion of the Court

GEORGE W. LATIMER, Judge:

In a trial by general court-martial, the accused was found guilty of possessing marihuana, in violation of Article 134 of the Uniform Code of Military Justice, 10 USC § 934. He was sentenced to be dishonorably discharged from the service, to forfeit $30 per

month for two years, and to be confined at hard labor for the same period of time. The convening authority approved both the findings and sentence, and a board of review affirmed, reducing the period of partial forfeitures and confinement to twelve months. We granted accused's petition for grant of review and authorized arguments on five separate issues.

The first three issues have been disposed of adversely to the accused by our decisions in United States v Cleckley, 8 USCMA 83, 23 CMR 307, and companion cases. It is, therefore, unnecessary to consider those assignments of error. The remaining two issues have to do with asserted errors in the instructions covering the elements of the offense of possessing marihuana and the weight to be accorded a confession. In view of the fact that we are required to reverse the findings and sentence for the improper instruction on the confession, we find it unnecessary to consider the arguments assailing the other instruction.

The facts necessary to a proper understanding of the one issue which is dispositive of this appeal are these: The accused was suspected of using or possessing marihuana cigarettes. Investigating officers, acting under proper authorization, in the course of their search of the clothing and effects of the accused, found a small cigarette stub in the right-hand pocket of a fatigue jacket he was wearing. It was subsequently analyzed and found to contain marihuana. The accused was taken to the military police office by the agents, and it was during the course of this journey that the events occurred which raise the issue of the voluntariness of the confession. While his testimony seems at variance with that given by the investigators, the accused testified that he was informed by one of the agents that he would not get his emergency leave, which had already been authorized, and that prosecution of his offense would be conducted by the Federal Bureau of Investigation unless he cooperated with the agents. He further stated that his leave had been granted because his wife was expecting a baby; that he was told he would obtain his

leave in a couple of days if he signed the statement; and that to avoid having his leave cancelled and his prosecution handled by civilian authorities, he concluded to sign the papers which were prepared for him. The story told by the accused seems not to be implausible for, after conducting a pretrial hearing, the investigating officer concluded the threats were sufficient to cast doubt on the voluntariness of the confession. The law officer also recognized that voluntariness was in issue, for he gave the following instruction:

". . . In so doing, you should carefully consider the circumstances under which the statement was obtained. In this regard, the law recognizes that involuntary statements are often untrustworthy and unreliable. Therefore, the voluntariness of this statement, which has been contested by the claim that the statement was obtained by duress, that is, by threatening the accused with prosecution by the FBI, and a promise of benefit, that is, a promise to see that his leave was handled expeditiously, constitutes a matter which you should consider in determining what weight, if any, you should give this statement, and you should give weight to the statement only to the extent that you believe it to be truthful."

In addition, from our independent search of the record, we are of the opinion that an issue of voluntariness was raised by the accused's testimony.

That brings the instruction to a point of critical importance, and it is apparent from the language that it comes within the sweep of our decisions in United States v Jones, 7 USCMA 623, 23 CMR 87; United States v Schwed, 8 USCMA 305, 24 CMR 115; and United States v Farrell, 8 USCMA 308, 24 CMR 118. In those instances we held an instruction of the same import as the one here given to be erroneous, and those holdings are dispositive of this issue.

The content of the confession is such that it furnishes evidence as to the possession of the marihuana and the ownership of the fatigue jacket. Therefore, the court-martial might have been

misled into concluding that the statements therein contained were truthful, regardless of their involuntariness. For that reason, the instruction was prejudicial and the accused is entitled to a rehearing.

The decision of the board of review is reversed and the record is returned to The Judge Advocate General of the Army for reference to a board of review for further action not inconsistent with this opinion.

Judge FERGUSON concurs.

Chief Judge QUINN concurs in the result.