UNITED STATES, Appellee

v

ROBERT FORD, Private First Class, U. S. Army, Appellant

8 USCMA 311, 24 CMR 121

No. 9783

Decided October 11, 1957

*First Lieutenant Philip L. Evans* argued the cause for Appellant, Accused. With him on the brief were *Major Edward Fenig* and *First Lieutenant Edwin E. Allen.*

*First Lieutenant Chester F. Relyea* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel Thomas J. Newton* and *Captain Thomas J. Nichols.*

## Opinion of the Court

GEORGE W. LATIMER, Judge:

A general court-martial tried and convicted appellant, Ford, and his co-accused, Private E–1 Charles L. Harshaw, of a robbery, in violation of Article 122, Uniform Code of Military Justice, 10 USC § 922. Ford was sentenced to a bad-conduct discharge, total forfeitures, and confinement at hard labor for one year. Intermediate reviewing authorities have affirmed. Harshaw received a more severe sentence but it was reduced by the convening authority. Both petitioned this Court for grant of review. Finding no error of a prejudicial nature in Harshaw's appeal, we denied the same but we granted Ford's petition to consider the following assigned errors.

First: That the law officer erred in denying a motion for severance made on behalf of the appellant Ford.

Second: That the law officer committed an instructional error on the

**311**

issue of voluntariness in connection with the admission of Ford's pretrial statements into evidence as part of the Government's case.

For the reason that our reversive action of this appeal will bring about a severance, in view of the fact that Harshaw's conviction has become final, only the second issue merits consideration.

The present accused executed two pretrial statements which were introduced in evidence by the prosecution after a proper foundation had been laid, namely, that they were obtained in full compliance with the requirements of Article 31, Uniform Code of Military Justice, 10 USC § 831. Taken together, the statements were exculpatory to the extent that appellant blamed Harshaw for the robbery, but they also contained damaging admissions that he had stood by as the victim was being relieved of his money, and that afterward he had asked and received a share of the loot. The appellant testified to the circumstances surrounding the taking of his pretrial statements by the criminal investigator. According to his testimony, the agent for the Government failed to warn him of his rights under Article 31, supra; threatened to turn him over to civilian police if he did not confess; promised him he could go home if he cooperated; and misled him by falsely asserting that Harshaw had implicated him in a complete confession. The accused further testified he was told to begin writing and he obeyed by spelling out in longhand the first of his two pretrial statements; that after he finished, the investigator informed him he was suspected of the crime of robbery; and that prior to that time he had not been informed as to the nature of the offense of which he was suspected. On cross-examination, he stated that he thought the agent could "beat a statement" out of him because "where I come from they do."

Over the objection of defense counsel, the law officer admitted this pretrial statement with an instruction to the court concerning its duty to determine voluntariness, an issue which he deemed reasonably raised by appellant's testimony. The instruction was, in all substantial respects, like that which we held prejudicially erroneous in United States v Jones, 7 USCMA 623, 23 CMR 87. Later in the trial, the second of appellant's two pretrial statements, which was a typewritten version of the first, was admitted, and the law officer reminded the court that the same instruction on voluntariness applied to their consideration of this documentary evidence.

The Government concedes that the issue of voluntariness was raised by the testimony of Ford, and from the four corners of the record we find this concession in order. However, this case differs from United States v Jones, supra, in that there was no request from the defense that the law officer give this instruction. Since the confession supplied a substantial part of the Government's case and error was not induced by the defense, the rule in the cases of United States v Schwed, 8 USCMA 305, 24 CMR 115, United States v Farrell, 8 USCMA 308, 24 CMR 118, and United States v Scott, 8 USCMA 309, 24 CMR 119, requires reversal.

The decision of the board of review is reversed and the record of trial returned to The Judge Advocate General of the Army for reference to a board of review. That body may, in its discretion, order a rehearing or dismiss the charge and specification as to appellant.

Judge FERGUSON concurs.

Chief Judge QUINN concurs in the result.