UNITED STATES, Appellee

v

FRED E. MORRIS, Airman Third Class, U. S. Air Force,
Appellant

8 USCMA 755, 25 CMR 259

No. 10,861

Decided February 28, 1958

*Lieutenant Colonel Ellis L. Gottlieb* and *Captain Richard C. Bocken*
were on the brief for Appellant, Accused.

*Lieutenant Colonel Robert W. Michels* and *Major Carl Goldschlager*
were on the brief for Appellee, United States.

ROBERT E. QUINN, Chief Judge:

Upon reviewing the evidence pertaining to one of the two offenses of which the accused was convicted, ■■■■■■ ■ the staff judge advocate advised the convening authority as follows: "There is sufficient evidence in the record to sustain the findings of guilty of wrongful possession of marihuana, and in the absence of an indication of a manifest injustice, these findings should be approved." The standard prescribed is not that by which the convening authority must measure his review. United States v Grice, 8 USCMA 166, 23 CMR 390; United States v Johnson, 8 USCMA 173, 23 CMR 397. However, it is contended that in the discussion of the other offense, the staff judge advocate applied correct rules of law; and consequently, we should assume that, in the context of the whole advice, the convening authority was not misled. Of course, if considered as a whole, the review is not misleading, isolated inaccuracies may be disregarded. But that situation does not obtain here. The offenses were considered separately. The error in the discussion of one was not cured by anything said in the discussion of the other.

From our reading of the entire review, and with due regard for judicial precedent, we conclude that justice to the accused requires that we return the record of trial to The Judge Advocate General of the Air Force for reference to a competent convening authority for further proceedings in accordance with Articles 61 and 64, Uniform Code of Military Justice, 10 USC §§ 861, 864. It is so ordered.

Judge FERGUSON concurs.

LATIMER, Judge (dissenting in part and concurring in part):

I dissent in part and concur in part.

Perhaps before I proceed with my discussion on the adequacy of the staff judge advocate's review, I ■■■■■■ ■ should first enlighten those in the field who might refer to this opinion for consideration of my views that the accused was charged with and convicted of two offenses, namely, assault with a dangerous weapon, in violation of Article 128, Uniform Code of Military Justice, 10 USC § 928, and possession of marihuana, contrary to the provisions of Article 134 of the Code, 10 USC § 934. He was sentenced to be dishonorably discharged from the service, to forfeit all pay and allowances, and to be confined at hard labor for three years. The convening authority and the board of review considered the record, and both found the findings supported by the evidence. While the following descriptive phrase used by the board of review in characterizing the first alleged offense, "The record of trial reads like a poorly staged and badly timed street scene from a story of gangland," is apt, it entertained no doubt about the findings being established beyond a reasonable doubt. Nor could the convening authority entertain any doubt if he considered—and I must assume he did—either the transcript or the review.

In his review, the staff judge advocate set out the evidence on both offenses in detail but, when discussing the weight and sufficiency of the evidence, he treated the two crimes differently. In speaking of the record as a whole, he first concluded that the evidence was sufficient to sustain the findings of guilty of both the specifications and charges. However, he specifically mentioned the elements of the first offense, and these are some of the expressions he used when commenting on the sufficiency of the evidence to establish those ingredients: "The evidence established beyond any doubt an unprovoked assault by the accused upon the victim," and "The evidence in this case clearly indicates the accused's use of the knife was such as to constitute the knife a dangerous weapon." As to identity of the accused, there was a pretrial admission by him of his use of the knife, but the victim could not identify his assailant. However, the victim furnished the time, place, and other details surrounding the stabbing. In blending the facts found in

the accused's admission with those of the victim, the staff judge advocate supported his conclusion that identity was established by using the following language: "The events described by Airman Second Class Schelling in his testimony and those related by the accused . . . are so similar as to preclude any conclusion other than that the accused was describing the same incidents."

In seeking to show the evidentiary yardstick used by the staff judge advocate and interpreting the descriptive phrases used by him, I should call attention to the fact that, while the accused took the stand and testified on the second charge, he elected to remain silent with respect to the first offense and there was no other defense evidence. Therefore, aside from the plea of not guilty, there was no real factual issue presented on the assault charge. In the light of that evidentiary structure, I conclude that the staff judge advocate's opinion to the convening authority on the offense of aggravated assault was neither misleading nor based on a substandard of proof.

A different treatment of the second charge was given by the reviewing officer. There is little doubt that if the words of the reviewer are strictly interpreted, under United States v Grice, 8 USCMA 166, 23 CMR 390, and United States v Johnson, 8 USCMA 173, 23 CMR 397, the announced measuring rod was inadequate. The accused testified on this specification and, while his evidence was weak and his veracity badly shaken, he presented a defense of lack of knowledge concerning his possession of the drug. Consequently, when the testimony is considered in its most favorable aspect toward him, it must be conceded that one ingredient of the offense was in issue. This is the statement made by the staff judge advocate on the factual dispute on this specification: "There is sufficient evidence in the record to sustain the findings of guilty of wrongful possession of marihuana, and in the absence of an indication of a manifest injustice, these findings should be approved."

Viewed realistically and practically, I suppose that if a record is returned to a staff judge advocate for a different review, it is just as easy for him to use the phrase beyond a reasonable doubt in two places as it is in one section of his report if the evidence impresses him to that effect. It strikes me, however, that we should be interested in having cases terminated with dispatch. In support of that concept and under my analysis of the review on the first offense, upon a return of this record to a board of review, it could be given the option of affirming the first conviction and reassessing sentence or returning the record for a new review. The conviction of an assault with a dangerous weapon carries a maximum sentence of three years' confinement with accessories, and it alone would support the present sentence.

Considering the record in its totality and in the light of the principles previously announced by the Court, I would not affirm the decision of the board of review but I would adopt the disposition outlined above.