UNITED STATES, Appellee

v

JOSEPH W. WENZEL, Basic Airman, U. S. Air Force, Appellant

9 USCMA 140, 25 CMR 402

*Major Dwight R. Rowland* argued the cause for Appellant, Accused. With him on the brief was *Lieutenant Colonel Ellis L. Gottlieb*.

*Lieutenant Colonel John F. Hannigan* argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel Robert W. Michels*.

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

A general court-martial convicted the accused of larceny of $71.25 in Military Payment Certificates from the Air Force's Europe Exchange Branch at the Royal Air Force Station, Manston, Kent, England, and housebreaking, in violation of Articles 120 and 130, Uniform Code of Military Justice, 10 USC §§ 921, 930, respectively. It imposed a sentence which includes a dishonorable discharge and confinement at hard labor for two years. Intermediate appellate authorities affirmed the conviction and sentence. We granted review to consider whether the law officer erred to the prejudice of the accused in his instructions to the court-martial on the voluntariness of the accused's pretrial confession.

At the trial, evidence was presented to show that the Exchange bowling alley was broken into. Part of the previous day's receipts was taken from the cash box in the safe. Over defense counsel's objection, a pretrial statement by the accused admitting the entry and the theft was also admitted into evidence. The ground of defense counsel's objection was "duress during the interview" of the accused by agents of the Office of Special Investigations. On admitting the statement into evidence, the law officer instructed the court-martial regarding the effect of his ruling. With minor modification, he repeated the advice in his final instructions. The later instruction is as follows:

"You are advised that my ruling, receiving in evidence Prosecution Exhibit 5, the out-of-court statement of the accused with respect to the offenses charged is final only on the question of admissibility. *My ruling merely places the statement before the court; it does not conclusively establish the voluntary nature of the statement. You, in your deliberation upon the findings of guilt or innocence, may come to your own conclusion as to the voluntary nature of the statement.* You are also advised that any *evidence adduced as to the voluntary or involuntary nature* of the accused's out-of-court statement *may be considered* by you *in determining the weight that you will give to the statement.*

"You are further advised in this connection that this out-of-court statement of the accused is not voluntary if it was obtained from the accused through the use of coercion, unlawful influence, or unlawful inducement. You will also consider that it is not voluntary if you find that, after charges had been preferred against the accused or while he was suspected of the offenses, it was obtained from him through the interrogation or at the request of a person subject to the Uniform Code of Military Justice, who did not first inform the accused of the nature of the accusation and advise him that he did not have to make any statement regarding the offenses of

**141**

which he was accused or suspected, and that any statement made by him might be used as evidence against him in a trial by court-martial."

It is contended that the quoted instruction is erroneous when measured by recent decisions of this Court in that area, principally United States v Jones, 7 USCMA 623, 23 CMR 87, and United States v Schwed, 8 USCMA 305, 24 CMR 115. In the *Jones-Schwed* line of cases, we pointed out that it is misleading to instruct a court-martial that it may consider the voluntariness of a pretrial statement admitted in evidence only in terms of its weight or truthfulness. We held that the court members must be advised that, if they determine it is not voluntary, they "must reject a confession in toto," without regard to considerations of weight or trustworthiness. *United States v Jones*, supra, page 627. Stated differently it is error to equate voluntariness with truthfulness or credibility. See *United States v Schwed*, supra. We concluded that the erroneous relationship appears in an instruction which tells the court-martial that "it is recognized that involuntary statements are often untrustworthy and unreliable. Therefore, the voluntariness of the statements before you here constitute a matter you should consider in determining what weight, if any, you are to give to those statements." *United States v Jones*, supra, page 625. We also noted the improper association of voluntariness with truthfulness in an instruction which advised the court members that they "should give weight to the statements only to the extent that you believe them to be truthful." *United States v Schwed*, supra, page 307; United States v Perry, 8 USCMA 401, 24 CMR 211.

Although the author is of the opinion that the instruction as a whole provided sufficient guideposts, a majority of the Court believes that it failed to advise the court members that they must reject the confession if they found that it was obtained involuntarily.

Each court member in deliberating on the findings of guilt or innocence is required to reach "his own conclusion as to the voluntary nature of the confession or admission and accept or reject it accordingly." The law officer properly directed the court's attention to the issue for its consideration, but he failed to advise in clear and unambiguous terms that a finding of involuntariness required that the evidence be rejected for all purposes. From the advice given, the court might have concluded that, although the confession was involuntary, it was nevertheless true, and could therefore be used in determining the accused's guilt.

The decision of the board of review is reversed. A rehearing may be ordered.

Judge Ferguson concurs.

Latimer, Judge (concurring in the result):

I concur in the result.

In United States v Jones, 7 USCMA 623, 23 CMR 87, I expressed doubt about the necessity and advisability of requiring the Services to again change instructions on the voluntariness of a confession. However, a majority of the Court concluded otherwise and the rule of *Jones* is now the law. I find the instruction used in the case at bar to be indistinguishable in law from the one used in that case. Accordingly, under my interpretation reversal is required.