UNITED STATES, Appellee

v

CLARENCE F. BRUCE, Airman Third Class,
U. S. Air Force, Appellant

9 USCMA 362, 26 CMR 142

No. 10,856

Decided June 13, 1958

*Captain Richard C. Bocken* argued the cause for Appellant, Accused. With him on the brief was *Lieutenant Colonel Ellis L. Gottlieb.*

*Lieutenant Colonel John F. Hannigan* argued the cause for Appellee, United States. With him on the brief was *Lieutenant Colonel Robert W. Michels.*

## Opinion of the Court

HOMER FERGUSON, Judge:

The accused was tried by general court-martial for three offenses of larceny and one offense of failure to obey, in violation of Articles 121 and 92 of the Uniform Code of Military Justice, 10 USC §§ 921 and 892, respectively. He pleaded guilty to one offense of larceny and not guilty to the remaining offenses. The court-martial found him guilty as charged. Several issues are presented in this appeal, only one of which need be considered.

In attempting to prove the larceny offenses, the prosecution sought the introduction in evidence of the accused's pretrial statement in which he admitted the thefts charged. Defense counsel objected to the statement's admission on the ground that it had been involuntarily obtained. The accused took the stand in his own behalf for the purpose of testifying on the limited issue of voluntariness. He had been apprehended by the air police after having indulged in a considerable amount of drinking which had left him in a rather groggy condition. The investigators advised him of his rights under Article 31 of the Code, supra, 10 USC § 831, and he initially made a statement in which he

denied guilt. When faced with evidence which contradicted this statement he subsequently acknowledged it was false. The investigators then read him Article 107 of the Code, supra, 10 USC § 907, which relates to the offense of false official statements. He was told that if he gave a truthful statement the false statement would be torn up and disregarded. However, if he did not tell the truth he would be prosecuted for making the false statement in addition to the other offenses. He considered this circumstance one of the "main reasons" he later signed a confession. The air police corroborated much of his testimony concerning the threat of possible prosecution for the offense of making a false official statement. The law officer admitted the statement in evidence.

After both sides had rested, the law officer charged the court on the elements of the offenses charged. He then instructed concerning the effect of his admitting the accused's confession into evidence as follows:

"Now, in this particular case we are confronted with a confession. You are advised that my ruling, re-

363

ceiving in evidence Prosecution Exhibit—I believe it is 1, the out-of-court statement of the accused with respect to the offenses enumerated in specifications 1 and 2, is final only on the question of that admissibility. My ruling merely places the statement before the court; it does not conclusively establish the voluntary nature of the statement. You, in your deliberation upon the findings of guilt or innocence, may come to your own conclusions as to the voluntary nature of the statement. You may accept the statement as evidence if you determine that it was voluntary, *or you may refuse to consider it as evidence if you determine that it was involuntarily made.* You are also advised that any evidence adduced as to the voluntary or involuntary nature of the accused's out-of-court statement may be considered by you in determining the weight that you will give to the statement." [Emphasis supplied.]

We believe the evidence presented sufficiently raised the question of voluntariness. The issue for our consideration, therefore, relates to the correctness of the italicized portion of the above instruction. The starting point for discussion of this issue is the leading case of United States v Jones, 7 USCMA 623, 23 CMR 87. We held there that where an issue of voluntariness is raised, the law officer must advise the court members they may only determine the weight and credibility of the confession if they have first found it was voluntarily made. If, on the other hand, they arrive at the conclusion the statement was involuntary— even though completely trustworthy— they *must* reject it entirely and accord it no weight whatsoever. Here, the law officer correctly informed the court it could consider the statement as evidence if it was determined to be voluntary. He erred, however, when he advised "you *may* refuse to consider it as evidence if you determine that it was involuntarily made." (Emphasis supplied.) The use of the word "may" instead of "must" was reasonably capable of misleading the court members into believing it was discretionary with

them whether or not consideration should be given the statement in the event they determined it to have been involuntarily made. United States v Wenzel, 9 USCMA 140, 25 CMR 402.

The decision of the board of review is reversed. The record of trial is returned to The Judge Advocate General of the Air Force for reference to a board of review. The board, in its discretion, may dismiss the findings of guilt of specifications 1 and 2 of Charge I and reassess the sentence on the basis of the remaining offenses which are unaffected by these proceedings, or it may order a rehearing as to specifications 1 and 2 of Charge I.

Chief Judge QUINN concurs in the result.

LATIMER, Judge (dissenting):

I dissent.

The evidence brought to bear by this accused upon the question of whether his extrajudicial confession was voluntarily obtained by the Air Police is manifestly deficient. Unless United States v Colbert, 2 USCMA 3, 6 CMR 3, is overruled, we have in this case insufficient evidence of involuntariness to raise an issue. In that case, we considered the accused's evidence he was coerced into confessing by an interrogator's threat that if he denied the offense of which he was suspected but was later convicted, he might then be prosecuted for perjury and sentenced to an additional five years' imprisonment. Here the accused was merely informed that, in the opinion of the investigators, the statement he was preparing was false and that if he submitted an untruthful version of the incident, he could be prosecuted. It is quite apparent from the facts of the two cases that the *Colbert* case ought to govern the present issue, for this accused was admonished to tell the truth under pain of a much less serious prosecution for falsifying than was Colbert. And yet, in that instance, we appraised the probabilities of the more extreme exhortation constricting the will of the suspect and held that:

"... In one case, a threat of prosecution, taken together with oth-

364

er facts, might produce an involuntary confession. In another situation, such a threat might be held, and not inconsistently, to have produced one which is clearly voluntary. We find the present problem to fall within the latter category."

At the time of confessing, the accused understood he was not required to make any statement, and on the witness stand he testified to no fact which could be conceived to question his understanding of his rights or impinge upon his freedom of will to admit or deny the offenses to which he pleaded not guilty. His testimony shows the questioning started out upon one of the larcenies to which he later pleaded guilty and he was in the process of writing a statement concerning that offense which was false. He was then confronted with the victim, who suspected him of the crime and was interviewed in his presence. At this point, he started writing a different version, but it too was going to be untrue, whereupon one of the interrogators gave the admonition in question. The accused testified he then told the truth in the matter of this larceny and that he continued on and admitted other thefts.

The accused, by his plea of guilty, did not question the voluntariness of that part of his confession which related the facts of the first larceny, but oddly enough he is now successful in his assertion that the balance of the statement was induced by threats which denied him his mental freedom. I find difficulty in accepting that hypothesis because the threat of prosecution did not pertain to those other offenses. Regarding these, the only residual influence of the threat upon the accused would have been that of an admonition that if he made a statement to be certain it was true. But of more controlling importance in this instance is the fact that accused received good advice which only placed him in the situation where he had the choice of remaining silent, taking a questionable risk if he falsified, or telling the truth. Merely because he selected the latter is not to say he was denied his mental freedom to choose between the three alternatives. Therefore, echoing the sentiments expressed by this Court unanimously in United States v Colbert, supra, I find no fault in the interrogator's method of getting at the truth.

The issue of involuntariness not having been raised, I see no occasion for our inquiry into the correctness of the law officer's instruction.

I would affirm the decision of the board of review.