UNITED STATES, Appellant

v

PAUL S. SULEWSKI, Specialist Third Class,
U. S. Army, Appellee

9 USCMA 490, 26 CMR 270

No. 11,433

Decided July 25, 1958

*First Lieutenant Neil Flanagin* argued the cause for Appellee, Accused. With him on the brief were *Colonel James Garnett* and *Captain John F. Christensen.*

*Major Thomas J. Nichols* argued the cause for Appellant, United States. With him on the brief was *Lieutenant Colonel John G. Lee.*

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

The board of review set aside the convening authority's action affirming the accused's conviction of larceny of Government food stuffs on the ground that he was incompletely advised by his staff judge advocate. The Acting The Judge Advocate General of the Army certified the following question to this Court:

"Was the board of review correct in ordering a new post-trial review on the ground that the staff judge advocate failed in his review to furnish the convening authority with the proper advice with respect to accused's pretrial statement?"

In the section titled "Discussion" the staff judge advocate set out the principal matters for the convening authority's consideration. The first subsection is headed "Convening Authority's Responsibility." It reads as follows:

"You, as the convening authority, have the independent power and responsibility to weigh the evidence, judge the credibility of the witnesses, and determine controverted questions of fact. Before approving a finding of guilty you must determine that the finding of guilty is established beyond a reasonable doubt by competent evidence of record (par 87a(3), MCM 1951)."

Another subsection of the "Discussion" section covers the admissibility of a deposition on behalf of the Government and an exhibit attached to it. The exhibit is a pretrial confession by the accused. At the trial, defense counsel challenged the admissibility of both the deposition and the confession. The accused testified in regard to the latter. He said that he made the pretrial statement because he was threatened with confinement in the stockade and he "didn't want to go to the stockade." The agent to whom the accused attributed the threat denied making it or any other threat. The testimony is recited by the staff judge advocate. His summary comment follows:

" . . . The evidence was legally sufficient to support a determination that the accused's oral and written statements were obtained voluntarily, and these admissions were properly admitted in evidence."

The board of review held that the staff judge advocate did not indicate the issue of voluntariness of the confession was also to be considered as a factual question to be decided by the convening authority beyond a reasonable doubt. The Government challenges the correctness of the board of review's holding as an unjustified attempt to rewrite the staff judge advocate's review.[1] It contends that the legal adviser's remarks were addressed to the convening authority in "his judicial and not his fact-finding capacity."

Errors in the legal officer's post-trial advice which present a fair risk of misleading the convening authority in his review of the case may require a new advice. United States v Fields, 9 USCMA 70, 25 CMR 332; United States v Vara, 8 USCMA 651, 25 CMR 155. However, in determining the sufficiency and correctness of the post-trial advice it must be considered as a whole. Unimportant inaccuracies or deficiencies will not justify setting aside an otherwise valid advice. United States Morris, 8 USCMA 755, 25 CMR 259; United States v Taylor, 8 USCMA 24, 23 CMR 248. Also, we must bear in mind, in evaluating the adequacy of the advice, that the post-trial review is not a trial de novo of the entire case. It is simply a review of the previous proceedings and the findings and sentence of the court-martial. Consequently, the matters considered in the advice may be different in kind and in degree from those considered at the trial. For example, at the trial the law officer rules on the admissibility of the evidence without explanation to the court members of the legal basis for his ruling. On the other hand, if the evidence is important to the case, the legal correctness of the ruling might be discussed at length in the post-trial advice. A similar difference appears in regard to advice on the legal guideposts within which the facts are determined. The instructions to the court-martial must particularize every element of the offense and the principles of law important to the issues to be decided by the triers of the facts; but the post-trial advice may set out the essential features of the case in broader terms.

The only specifically controverted issue at the trial was the voluntariness of the accused's confession. That issue has a double aspect. From the standpoint of admissibility, it is a legal question; but when the evidence is in conflict, voluntariness is also a factual question to be decided by the triers of fact in their deliberations on the accused's guilt or innocence. United States v Jones, 7 USCMA 623, 23 CMR 87; Patterson v United States, 183 F 2d 687 (CA 5th Cir) (1950); Schaffer v United States, 221 F 2d 17 (CA 5th Cir) (1955); Smith v State, 189 Md 596, 56 Atl 2d 818. The staff judge advocate correctly gave his opinion and reasons for sustaining the admissibility of the confession. He said nothing specifically about the factual issue in this subsection of the discussion. How-

---

[1] In effect, Government counsel seek a review of our decision in United States v Fields, 9 USCMA 70, 25 CMR 332. They "suggest" that our decision is an "indictment" of legal officers in the armed services which resulted from a search for "errors" by "those who too long and too assiduously have been looking for them," and that it did not originate from a "full scale adversary proceeding." The implications, if not the direct import, of these statements are such as to make the suggestions seem intemperate, perhaps even near impropriety. We prefer to think, however, that they were intended to be legitimate criticism. The right to criticize the "correctness of the decisions of Courts and judges has always existed under our form of Government and must continue to exist, not merely as a right possessed by the individual but as a safeguard to our institutions." United States v Craig, 266 Fed 230, 231 (SD NY) (1920).

492

ever, he began the entire discussion by expressly advising the convening authority that he had the right to "determine controverted questions of fact." It would indeed have been better to reiterate the factual issue, but considered as a whole the discussion sufficiently covers both aspects of the problem. In other words, the discussion as a whole clearly indicates that the voluntariness of the confession was a "controverted" factual issue to be redetermined by the convening authority. We conclude, therefore, that the board of review erred in holding the advice deficient in a material respect.

The certified question is answered in the negative. The decision of the board of review is reversed. The record of trial is returned to The Judge Advocate General of the Army for submission to the board of review for further proceedings consistent with this opinion.

Judge LATIMER concurs.

FERGUSON, Judge (dissenting):

I dissent. Nowhere within the compass of his review did the staff judge advocate advise the convening authority that the voluntariness of the accused's statement was a question of fact to be passed upon by him nor that the statement should be rejected *in toto* if, in the convening authority's opinion, it was involuntary. See United States v Jones, 7 USCMA 623, 23 CMR 87; United States v Schwed, 8 USCMA 305, 24 CMR 115; and United States v Dicario, 8 USCMA 353, 24 CMR 163. I would return the case to a new convening authority for a new staff judge advocate's review.