UNITED STATES, Appellee

v

BEN W. MUCKELRATH, Staff Sergeant, U. S. Air Force, Appellant

11 USCMA 179, 28 CMR 403

*Captain Prichard E. Gray* argued the cause for Appellant, Accused. With him on the brief were *Lieutenant Colonel James L. Kilgore, Lieutenant Colonel Philip J. Williamson,* and *Captain Norman J. Nelson.*

*Major Simpson M. Woolf* argued the cause for Appellee, United States. With him on the brief were *Colonel John F. Hannigan* and *Major Timothy G. O'Shea.*

## Opinion of the Court

ROBERT E. QUINN, Chief Judge:

Two issues are presented by this appeal. The first pertains to the sufficiency of the evidence to support the finding of an intent to deceive in regard to the issuance of a series of checks which the accused judicially conceded he dishonorably failed to pay. Suffice it to say, we have examined the evidence and we are satisfied that it supports the findings of guilty.

The second claim of error pertains to the post-trial review. In discussing the facts in issue, the staff judge advocate noted that the accused, according to his own testimony, was "guilty of gross negligence." He then went on to say: "Such negligence, . . . supports the court's findings of guilty, including the findings of an intent to deceive in each instance." Other parts of the discussion indicate an awareness of the difference between an intent to deceive in the issuance of a check and dishonor in nonpayment on its presentment. Gross negligence cannot establish the intent, but it can show dishonor. United States v Stratton, 11 USCMA 152, 28 CMR 376. However, it is doubtful whether the distinction was made sufficiently clear in the discussion so as not to be misunderstood by the convening authority. Necessarily, our doubts must be resolved in favor of the accused.

The decision of the board of review is reversed. The record of trial is returned to The Judge Advocate General for resubmission to the board of review. In its discretion, the board of review can affirm, in accordance with the accused's plea of guilty, findings of guilty of dishonorable failure to maintain sufficient funds for payment of the checks alleged in specifications 4, 5, 6, and 9 through 14, and reassess the sentence, or return the record of trial to the convening authority for further proceedings consistent with this opinion.

Judge FERGUSON concurs.

LATIMER, Judge (concurring in part and dissenting in part):

I concur in part and dissent in part.

While I agree with my associates that the evidence is indeed legally sufficient to support the findings, I am constrained to dissociate myself from the remainder of the Court's opinion.

As the majority pointed out in United States v Morris, 8 USCMA 755, 25 CMR 259, if a post-trial review, when considered in its entirety, is not misleading, then isolated inaccuracies may be disregarded. Unimportant inaccuracies do not justify setting aside otherwise valid advice. United States v Sulewski, 9 USCMA 490, 26 CMR 270. In this connection, I invite atten-

tion to the staff judge advocate's discussion relating to the nine specifications with which we are here concerned. The following is his advice thereon to the convening authority, in its entirety:

"The accused in his pleadings excepted 'intent to deceive, wrongfully and unlawfully.'

"As appears from the evidence summarized above, the nine worthless checks described were drawn against accused's account by him on dates when there were insufficient funds to pay them. Although deficiencies in the account may have been due to other checks written previously, without his remembrance or recordation, it was his duty to know the status of his account at all times. He failed to keep records and was, according to his own testimony, guilty of gross negligence. Such negligence, evidenced by the record outside of his judicial admissions, supports the court's findings of guilty, including the findings of an intent to deceive in each instance (ACM 12833, Lightfoot, 23 CMR 154). Contrary to his testimony in court, the accused could not have honestly believed that he had sufficient funds in the drawee bank to meet payment on the checks when presented. I am convinced that the court was correct in evaluating this evidence with the other circumstances of the case and arriving at the findings it announced. There is present a clear inference that not only did the accused know his bank balance was insufficient to meet payment of the checks in question, but also that he had an intent to deceive (CMM 353416, Linacre, 6 CMR 417). Considering the entire record, I am convinced beyond a reasonable doubt that accused is guilty of the above alleged offenses. The period of time during which these fifteen worthless checks were issued, (even with instructions in some instances not to present them for payment) covers nearly six weeks. Although there were periods when accused asked these people to hold the checks, this fact alone alone shows his awareness of the insufficient funds. His instructions to the holders to forward the worthless checks was further proof of intent to deceive as it must have been obvious to accused that the value far exceeded his balance. In support of specification 13, it was stipulated that the $52.00 worthless check was given to pay a debt owed the NCO Mess (Prosecution Exhibit 1). Presenting, with intent to deceive, a worthless check in payment of a pre-existing obligation constitutes an offense in violation of UCMJ, Article 134 (ACM 11768, Gibson, 21 CMR 765)."

It will be noted that the post-trial reviewer made but one fleeting reference to negligence as supportive of the requisite specific intent, and it seems quite clear that, when his discussion is considered as a whole and the facts upon which he bases his inferences are weighed, there is no danger the review would mislead the convening authority into founding his affirmance on the basis of negligence.

Moreover, yet another reason impels me to disagree with the disposition ordered by the Court. This accused was charged with and convicted of fifteen bad check offenses in violation of Article 134, Uniform Code of Military Justice, 10 USC § 934. All but three involved the intent to deceive. Accordingly, maximum imposable sentence for the crimes included dishonorable discharge, total forfeitures, and confinement at hard labor for seven years. Upon his arraignment, accused pleaded guilty to all specifications except nine of those involving intent to deceive, and as to them guilty of the lesser included bad check offense. By his pleas alone, therefore, accused admitted guilt of offenses punishable by dishonorable discharge, total forfeitures, and incarceration for five and one-half years. The sentence imposed by the court-martial and thereafter affirmed was merely bad-conduct discharge, partial forfeitures, and confinement for six months. In my judgment, the error found by my brothers is minuscule and far too slight to justify remand. See United States

v Helfrick, 9 USCMA 221, 25 CMR 483; United States v Teitsort, 9 USCMA 322, 26 CMR 102; United States v Holland, 9 USCMA 323, 26 CMR 103; United States v Reams, 9 USCMA 696, 26 CMR 476; and United States v Granger, 9 USCMA 719, 26 CMR 499. In view of accused's pleas of guilty to fifteen offenses, including three of the more serious variety, reducing certain other findings to the lesser included crimes would remove no stigma from his reputation. Moreover, he has long since served the confinement imposed and, what is perhaps more important, there is no reasonable possibility that the adjudged sentence will be affected even if the findings as to nine of the specifications are reduced to conform with his guilty pleas. Accordingly, I am of the opinion that remanding this case for further action—either by a board of review or at the convening authority level—is a useless step and one completely empty of either benefit or hope to the accused.

For the foregoing reasons, I am unable to find any error prejudicial to this accused. Accordingly, I would affirm the decision of the board of review.