**UNITED STATES**

v.

**Staff Sergeant Joseph I. LUCERO, FR 525–86–0835 6922d Security Squadron Thirteenth Air Force (PACAF).**

**ACM 21854.**

U. S. Air Force Court of Military Review.

3 Nov. 1975.

Appellate counsel for the Accused: Colonel Jerry E. Conner and Major John A. Cutts III.

Appellate counsel for the United States: Colonel Julius C. Ullerich, Jr., Captain Alvin E. Schlechter and Lieutenant Colonel Charles B. Lewis, USAFR.

## DECISION

SANDERS, Judge:

The accused was tried by a general court-martial military judge on two specifications of larceny, one of attempted larceny and three specifications of violating a lawful general regulation prohibiting black marketing, in violation of Articles 121, 80 and 92, Uniform Code of Military Justice, 10 U.S.C. §§ 921, 880, 892. The charge and specifications involving the violation of a regulation were dismissed on motion prior to pleas and a motion for a finding of not guilty was sustained as to the charge and specifications alleging larceny. With exceptions and substitutions, the court found the accused guilty, contrary to his plea, of the attempted larceny offense. The approved sentence provides for reduction to the grade of sergeant and forfeiture of $200.00 per month for five months.

Pursuant to Article 69, Code, supra, and Rule 2b of the Rules of Practice and Procedure for Courts of Military Review, The Judge Advocate General of the United States Air Force has forwarded this case for review by this court under the provisions of Article 66, Code, supra. Although a number of issues have been advanced for our consideration by trial and appellate defense counsel, we determine that only two necessitate any discussion on our part.

Our attention has been requested on the following matter:

DID THE STAFF JUDGE ADVOCATE'S REVIEW FAIL TO ADEQUATELY SUBMIT THE ISSUE OF THE VOLUNTARINESS OF THE ACCUSED'S PRETRIAL STATEMENT TO THE CONVENING AUTHORITY, TO THE SUBSTANTIAL PREJUDICE OF THE ACCUSED?

We answer this question in the affirmative. The voluntariness of the statement the accused made to agents of the Office of Special Investigations (OSI) was litigated at considerable length. It revolved around a factual dispute as to whether the accused was thwarted in his attempt to contact an attorney after being advised of his rights and prior to making any statement. Suffice it to say that as to this issue, the government presented testimony of the OSI agents involved and the defense countered with testimony from the accused, his wife, and an employee of the accused's household. After hearing all the evidence on the issue, the military judge overruled the defense's objection but stated that he would not allow the accused's statement (Prosecution Exhibit 3) to be admitted into evidence in its original form since it contained disclosures of considerable uncharged misconduct. He suggested that counsel get together and work the matter out. Counsel obviously did and Prosecution Exhibit 10 was offered and admitted into evidence. Prosecution Exhibit 10 was the same statement that the accused made to the OSI agents except that some 42 lines of the original statement had been deleted. It was a pieced together reproduction of the accused's original statement, less deletions, but gave the appearance of being a separate and complete statement concerning the charged offenses.

■ The post-trial reviewer not only failed to set out any of the conflicting testimony on the issue of voluntariness but also apparently completely misinterpreted what had transpired at trial. The reviewer advised the convening authority that:

> The defense hotly, and successfully, contested the admission of one statement of the accused, to wit: Prosecution Exhibit 3 for identification. The basis for contesting it was an alleged failure to allow the accused to consult with counsel in derogation of his legal rights. However, after being successful on that issue with that particular exhibit, the Prosecution thereafter offered and had admitted, *without objection,* an extra-judicial statement of the accused taken by the OSI the same day (R 26, Pros.Ex. 10). Thus, any question of that statement taken after restricting the accused's right to consult legal counsel was waived and the pertinent issue rendered moot [citation]. Accordingly, no further discussion of that matter is necessary.

SJA Review, page 11; emphasis in original.

From this advice, only an erroneous impression could be left: that there were two distinct statements involved and that the defense did not contest the voluntariness of the "second" statement. Further, it is not true that the accused was successful in contesting the voluntariness of "one" statement, namely Prosecution Exhibit 3, rather, that exhibit was not admitted because of all the uncharged misconduct contained therein and not because the military judge found it to be involuntary. The result was that the convening authority was never presented with the important issue of voluntariness of the accused's statement, an issue on which the convening authority must make his own determination. *United States v. Sulewski,* 9 U.S.C.M.A. 490, 26 C.M.R. 270 (1958). The failure to set out the pertinent facts and discuss the issue of voluntariness was prejudicial error. *United States v. Petty,* 13 U.S.C.M.A. 398, 32 C.M.R. 398 (1962); *United States v. Tucker,* 50 C.M.R. 142 (A.F.C.M.R.1975). Further, a review that is misleading or inaccurate on an important point is unacceptable. *United States v.*

*Samuels,* 22 U.S.C.M.A. 238, 46 C.M.R. 238 (1973); *United States v. Cruse,* 21 U.S.C.M.A. 286, 45 C.M.R. 60 (1972).

Under the circumstances, we find the post-trial review in this case to be both inaccurate and inadequate to the substantial prejudice of the accused. However, because of another defect in this case requiring more drastic judicial surgery, it is unnecessary to order corrective action with regard to the review.

Of greater concern is the assertion that:

THERE WAS A FATAL VARIANCE BETWEEN THE ALLEGATIONS OF THE SPECIFICATION AND THE FINDINGS OF THE COURT–MARTIAL.

■ The offense of which the accused was found guilty was charged as an attempt to steal some 20 specifically numerated and described items of medical equipment and supplies. Specific values were alleged for most of the items, the others being charged as "of some value." The total value of all the items was alleged as "about $11,764.90."

As we read the summarized record in this case, the evidence established that at about 1930 hours, 12 June 1975, two Filipino nationals were caught in a storage room, without authority, in one of the clinics at the USAF Hospital at Clark Air Base, Republic of the Philippines. The room had been broken into and was in a state of disarray. Much of the stored medical equipment had been moved and some had been placed in boxes. One of the Filipino nationals testified concerning the events of the evening and stated that if they had not been caught, they would have taken the equipment and placed it in the accused's vehicle.

The property custodian took an inventory of the equipment and supplies that had been moved or touched and found nothing to be missing. Photographs admitted into evidence showed the equipment and supplies as they appeared on the evening of the break-in. Except for two items, a stipulation of fact established the value of the

items as set out in the specification. The accused's statement to the OSI agents contained admissions as to his participation in the venture. He was to be paid to carry "boxes" from the hospital and was waiting outside the hospital in his panel truck when the Filipinos were caught. The accused had previously been paid a large amount of money by the same Filipinos to haul "boxes" from the hospital.

The court announced its findings as "[g]uilty, except for the words [here the court proceeded to except each and every specific item and value alleged in this specification]; substituting therefore the words 'medical equipment of a value of more than $100.00.' Of the excepted words, not guilty; of the substituted words, guilty."

We hold that there was a fatal variance between the allegation and the findings. The situation in this case is virtually identical to that in *United States v. Brown,* 7 C.M.R. 770 (A.F.B.R.1953) where the accused was charged with stealing specific items of food but, by exceptions and substitutions, was found guilty of the theft of "food stuffs of a value of $20.00 or less." The Air Force Board of Review held that the variance was fatal inasmuch as the findings of the court changed the identity of the offense. The Court of Military Appeals reached the same result in what they termed a "strikingly" similar case. *United States v. Nedeau,* 7 U.S.C.M.A. 718, 23 C.M.R. 182 (1957). The Court stated:

> An exception by the court of part of a specification constitutes a finding that the accused is not guilty of what is alleged in the excepted language. (at page 184.)

The Court noted that since the accused was found not guilty of the larceny of specifically alleged items of food, "it might well have been that the accused was found guilty of larceny of food items other than those specifically alleged and against which he was not prepared to defend."

In another case, the Court of Military Appeals held that the exceptions and substitutions amounted to a finding of not guilty of a larceny charge where the specification alleged the larceny of specific items of clothing of a value of over $2,600.00 and the court found the accused "not guilty" as to the specific items alleged and substituted for the value alleged a finding "of a value in excess of $50.00." *United States v. Guy,* 8 U.S.C.M.A. 66, 23 C.M.R. 290 (1957). See also *United States v. Alcantara,* 18 U.S.C. M.A. 372, 40 C.M.R. 84 (1969), citing with approval, *United States v. Nedeau* and *United States v. Guy,* both supra.

We do not find any significant distinction between the instant case and those cited above. The court found the accused not guilty of attempting to steal the items alleged in the specification. We are unable to determine what constituted the "medical equipment of a value of more than $100.00" found by the court since it could not have been any of those items alleged. The result is that the findings of the court changed the identity of the offense. *United States v. Brown,* supra. Thus, the variance between the allegations and the findings is fatal. *United States v. Nedeau, United States v. Guy, United States v. Brown,* all supra.

For the reasons stated, the findings of guilty are incorrect in law and fact. Accordingly, the findings, and sentence based upon those findings, are set aside and the charges are ordered dismissed.

ROBERTS, Senior Judge, and ORSER, Judge, concur.