### UNITED STATES

v.

### Airman Karl L. BROWN, FR 587–76–0020 1989th Communications Squadron United States Air Forces in Europe.

### ACM 21948.

U. S. Air Force Court of Military Review.

Sentence Adjudged 29 July 1975.

Decided 3 March 1976.

sion as evidence of the accused's ownership of the vehicle. *United States v. Bennett*, 7 U.S.C.M.A. 97, 21 C.M.R. 223 (1956).

Appellate Counsel for the Accused: Colonel Jerry E. Conner and Major John A. Cutts III. Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr., and Captain Alvin E. Schlechter.

Before ROBERTS, Senior Judge, and ORSER and SANDERS, Appellate Military Judges.

## DECISION

SANDERS, Judge:

Tried by a general court-martial military judge, the accused was found guilty, contrary to his pleas, of wrongfully possessing heroin, wrongfully possessing marijuana and one offense of failing to obey a lawful order, in violation of Articles 134 and 92, Uniform Code of Military Justice, 10 U.S.C. §§ 934, 892, respectively. The approved sentence extends to a bad conduct discharge, confinement at hard labor for eight months, forfeiture of $125.00 per month for eight months and reduction to airman basic. The United States Disciplinary Barracks, Fort Leavenworth, Kansas was designated as the place of confinement.

Several assertions of error have been advanced for our consideration by both trial and appellate defense counsel. With the exception of the matter discussed below we find these assertions of error to be adequately resolved in the post-trial review or to be otherwise lacking in merit.

Appellate defense counsel urge that:

THE REVIEW OF THE STAFF JUDGE ADVOCATE IS PREJUDICIALLY INADEQUATE.

We do not agree. The significant inadequacy complained of, as we view it, involves the reviewer's treatment of the involuntariness of a pretrial confession. The reviewer set out in considerable detail the testimony of all the various witnesses on this issue, including that of the accused. Later in the review and under a section entitled "Legal Issues", he thoroughly evaluated the evidence on both sides of the issue, emphasizing the contradictions in the testimony. He further stated that:

the military judge's determination that the accused's confession to the OSI was voluntarily given is well supported by the evidence.

Later in the review he expressed his opinion that the competent evidence of record was "legally sufficient to support the findings of guilty and establish beyond a reasonable doubt each and every element of the offenses of which the accused was found

guilty," and recommended the findings of guilty be approved. Further, he specifically advised the convening authority as follows:

As the convening authority in this case, you are empowered to weigh the evidence, judge the credibility of the witnesses, and determine any controverted questions of fact, recognizing that the trial court saw and heard the witnesses. Before approving a finding of guilty, you must determine that such finding is established to your satisfaction beyond a reasonable doubt by competent evidence properly admitted before findings.

Appellate defense counsel see the review as inadequate, *inter alia,* because the convening authority was not sufficiently advised that he must make an individual factual determination as to the voluntariness of the confession and that to be considered as evidence, he must be convinced of its voluntariness beyond a reasonable doubt.

■ A post-trial review that is incomplete or misleading on an important point is unacceptable. *United States v. Cruse,* 21 U.S.C.M.A. 286, 45 C.M.R. 60 (1972); *United States v. Fields,* 9 U.S.C.M.A. 70, 25 C.M.R. 332 (1958). "However, in determining the sufficiency and correctness of the post-trial advice it must be considered as a whole." *United States v. Sulewski,* 9 U.S.C.M.A. 490, 26 C.M.R. 270, 272 (1958). The court went on to say in *Sulewski* that: "[u]nimportant inaccuracies or deficiencies will not justify setting aside an otherwise valid advice." 26 C.M.R. at 272. See also *United States v. Evans,* 13 U.S.C.M.A. 598, 33 C.M.R. 130 (1963); *United States v. Daigre,* 49 C.M.R. 858 (N.C.M.R.1974); *United States v. Jackson,* 49 C.M.R. 344 (N.C.M.R. 1974).

In both the case *sub judice* and *Sulewski,* the controverted issue at trial involved the voluntariness of a confession. The setting of the issue is strikingly similar in both cases; the reviewer neglecting to specifically tell the convening authority that he should redetermine the factual issue of voluntariness. However, in both cases, the testimony on the issue was set out in the review, the issue was discussed by the reviewer, his opinion as to the sufficiency of the evidence to support a determination of voluntariness was given, and the convening authority was advised that he had the power to weigh the evidence, judge the credibility of witnesses, and determine controverted questions of fact. Further, in both cases, the convening authority was advised that before approving a finding of guilty, he must determine that the finding was established beyond a reasonable doubt by competent evidence of record.

■ Although, to be sure, it would have been better practice to specifically direct the convening authority's attention to this factual issue, we find that, under the circumstances of this case, the review contained adequate advice on the matter. The advice was not deficient in a material respect. *United States v. Sulewski,* supra. We also are convinced, beyond a reasonable doubt, that the accused's confession was voluntary and thus properly admitted.

One final matter warrants comment. The drug offenses in this case were prosecuted under Article 134 of the Code, supra. The Court of Military Appeals has *sua sponte* granted review in a number of cases on the issue of whether an accused is denied due process and equal protection of the law by being prosecuted under Article 134 rather than Article 92, Code, supra, for drug offenses.

■ In this case we find it unnecessary to await the Court's resolution of these issues as we find no reasonable likelihood that the accused was prejudiced, regardless of the ultimate decision. The sentence adjudged was far below the maximum authorized under either article. Further, the offenses of which the accused stands convicted are serious and merit the punishment imposed. In these circumstances, we see no fair risk that the military judge or the convening authority was influenced in the sentencing or the approval of the sentence "by the theoretically greater maximum punishment exposure under Article 134 as opposed to Article 92." *United States v. Veilleux,* 1 M.J. 811 (A.F.C.M.R.1976).

The approved findings of guilty and the sentence are

AFFIRMED.

ROBERTS, Senior Judge, and ORSER, Judge, concur.