**UNITED STATES**

v.

**Airman First Class Val P. MARTIN, FR 227–84–2532, United States Air Force.**

**ACM 23458.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 27 Jan. 1982.

Decided 10 Sept. 1982.

Appellate Counsel for the Accused: Colonel George R. Stevens and Major Alexander S. Nicholas.

Appellate Counsel for the United States: Colonel James P. Porter, Lieutenant Colonel Bruce R. Houston and Captain Harvey A. Kornstein, USAFR.

1. The appellate defense Motion for Leave to File Supplemental Assignment of Errors and

Before POWELL, KASTL and RAICHLE, Appellate Military Judges.

DECISION

PER CURIAM:

The accused was charged with absence without leave and seven check offenses under Articles 86, 121, and 123a, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 921, 923a. Upon his pleas of not guilty, he was acquitted of three check offenses but found guilty of the remainder of the offenses charged. He was sentenced to a bad conduct discharge, confinement at hard labor for 10 months, forfeitures of $100.00 per month for nine months, and reduction to airman basic.

On appeal, the accused argues that the evidence is insufficient to establish beyond a reasonable doubt that he had the intent to *permanently* deprive which is required to sustain a conviction of larceny by check under Article 121, Code, *supra*.[1] We agree. We have weighed the evidence of record; we consider the accused's testimony incredible on this matter and find the requisite *mens rea* to sustain a conviction. *See United States v. Hayes,* 8 U.S.C.M.A. 627, 25 C.M.R. 131, 133 (1958). However, the permanent versus temporary nature of the accused's intent remains to be considered. As to this matter, we are convinced beyond a reasonable doubt of the accused's guilt of the lesser included offense of wrongful appropriation. *United States v. Owings,* 30 C.M.R. 761, 766 (A.F.B.R.1960). *See generally, United States v. Harville,* 7 M.J. 895, 897 (A.F.C.M.R.1979) and *United States v. Maxwell,* 7 C.M.R. 632, 654 (A.F.B.R.1952). *See also, United States v. Muckelrath,* 11 U.S.C.M.A. 179, 28 C.M.R. 403, 404 (1960). Accordingly, we approve only so much of Specification 1 of Charge II as provides for findings of guilty of the lesser offense of wrongful appropriation, in violation of Arti-

Brief on Behalf of Accused is granted.

cle 121, Code, *supra*.[2] The remaining findings of guilty are affirmed.

Because of our disposition of this matter, we shall reassess the sentence. We approve only so much of the sentence as extends to a bad conduct discharge, confinement at hard labor for eight months, forfeiture of $75.00 per month for eight months, and reduction to airman basic.

The findings of guilty and the sentence, both as modified, are

AFFIRMED.

---

2. Article 123a, Uniform Code of Military Justice, was enacted in 1961 to eliminate problems of proof associated with Article 121. *See generally, United States v. Margelony,* 14 U.S.C.M.A. 55, 33 C.M.R. 267 (1963); *see also, United States v. Barnes,* 14 U.S.C.M.A. 567, 34 C.M.R. 347 (1964) and Anderson, *Article 123a: A Bad Check Offense for the Military,* 17 Mil.L.Rev. 145 (July 1962). We discourage use of Article 121 when Article 123a is otherwise available. For an example of the extraordinarily complex problems of proof which can arise under Article 121—and indeed, which appear in this case—see Simon, *A Survey of Worthless Check Offenses,* 14 Mil.L.Rev. 29, 33–34, 38–39 (October 1961).