UNITED STATES, Appellee

v

JAMES D. WHITE, Private First Class,
U. S. Army, Appellant

12 USCMA 599, 31 CMR 185

No. 15,252

January 12, 1962

*Elmer B. Gower, Esquire,* argued the cause for Appellant, Accused. With him on the brief were *Lieutenant Colonel Ralph Herrod* and *Captain Ralph T. Smith.*

*Captain Barry L. Kroll* argued the cause for Appellee, United States.

With him on the brief were *Lieutenant Colonel James G. McConaughy* and *Major Francis M. Cooper.*

## Opinion of the Court

FERGUSON, Judge:

Accused stands convicted of two specifications of obstructing the administration of justice, in violation of Uniform Code of Military Justice, Article 134, 10 USC § 934. He was sentenced by a general court-martial to dishonorable discharge, forfeiture of all pay and allowances, reduction, and confinement at hard labor for five years. Intermediate appellate authorities have reduced that portion of his sentence relating to confinement to three years. Their affirmance of the imposed dishonorable discharge led us to grant accused's petition for review to consider his contention that no such separation from the service was authorized as a penalty for the offenses of which he was convicted.

The charges against the accused are based upon the provisions of 18 USC § 1503, as adopted into military law by that portion of Code, supra, Article 134, which states:

". . . [C]rimes and offenses not capital, of which persons subject to this chapter may be guilty, shall be taken cognizance of by a general, special, or summary court-martial, according to the nature and degree of the offense, and shall be punished at the discretion of that court."

The issue before us may be narrowed at the outset by a few preliminary observations. Thus, both parties tacitly concede, and we think validly so, that, generally speaking, except for adjudication of the death penalty or cruel and unusual punishments, the question of sentence was left by Congress solely to the discretion of the particular court-martial, unless the President exercised his statutory authority under the Code to place a maximum limitation upon its authority to punish for commission of a specific offense. Code, supra, Articles 52, 55, 56, 10 USC §§ 852, 855, 856. Of course, any punishment which a court-martial adjudges must be within the jurisdictional limitations of the class of tribunal to which it belongs. Code, supra, Articles 18, 19, 20, 10 USC §§ 818, 819, 820. In like manner, any limitation prescribed by the President can only set forth a maximum beyond which the court members may not go in exercising their discretion. United States v Varnadore, 9 USCMA 471, 26 CMR 251; United States v Holt, 7 USCMA 617, 23 CMR 81.

The President has exercised the authority delegated to him by Code, supra, Article 56, and has prescribed maximum limitations upon sentences which may be adjudged by courts-martial for various offenses under the Uniform Code. See, generally, Chapter XXV, Manual for Courts-Martial, United States, 1951. For a large number of crimes, he has set forth precise limitations in a Table of Maximum Punishments. Manual, supra, paragraph 127c. For others, he has denominated a more general, but no less demonstrable, limit. Thus, aside from the Table, he has provided in the same paragraph of the Manual, supra, the following standard:

"Offenses not listed in the table, and not included within an offense listed, or not closely related to either, *remain punishable as authorized by the United States Code* (see, generally, Title 18) or the Code of the District of Columbia, whichever prescribed punishment is the lesser, or as authorized by the custom of the service." [Emphasis supplied.]

Relying solely on the emphasized portion of the quoted Manual provision, the defense contends before us that the President has provided that this accused's punishment shall not exceed that prescribed in 18 USC § 1503, the basic statute which forbids the conduct of which he was convicted. Thus, as that Code section makes no mention of penalties beyond confinement and a fine, it is reasoned that a dishonorable discharge is not an authorized punishment

and, therefore, that its adjudication here was illegal.

It must be conceded that the offense of obstruction of justice is neither listed in nor closely re- lated to any offense set forth in the Table of Maximum Punishments. United States v Long, 2 USCMA 60, 6 CMR 60. Accordingly, counsel is correct when he argues that this accused's punishment, at least insofar as confinement is concerned, is governed by the provisions of the pertinent section of Title 18, United States Code. In his further contention, however, that reference to the Code section prohibits imposition of a punitive discharge, he misapprehends the authority and intent of the President.

As has heretofore been pointed out, the Presidential regulatory authority with respect to sentences is limited to imposition of maximum limits on a court-martial's exercise of its authority. United States v Varnadore; United States v Holt, both supra. In the case of the offenses charged, he has provided in paragraph 127c of the Manual, supra, that they shall "remain punishable" as authorized in the relevant Code sections. Obviously, these sections contain no reference to punitive discharges, for they were intended to be invoked primarily against civilians and are assimilated into the Uniform Code only by way of the general Article. Moreover, punitive discharges are equally designed only as military punishments to be utilized for the purpose of punitively ending one's status as a member of the armed forces.

We cannot hold, however, that the President was not aware of the limited class of penalties provided in the United States Code. Regulations, like statutes, are not to be construed in a vacuum. Sutherland, Statutory Construction, 3d ed, §§ 4007, 4703, 4704; McCaffrey, Statutory Construction (1953), § 8. Rather, our scrutiny of the limitation here involved in light of the other provisions of paragraph 127 of the Manual makes it clear beyond cavil that the limitation set forth in reference to the United States Code was intended only to prescribe a maximum with respect to the period of confinement and fine involved. Such a conclusion was implicit in our decision in United States v Wysong, 9 USCMA 249, 26 CMR 29.

In the *Wysong* case, the law officer instructed the court-martial that the accused might be sentenced to dishonorable discharge, total forfeitures, and confinement at hard labor for five years, based upon his conviction of soliciting another wrongfully to refuse to testify in a court-martial. We held that the law officer erred in that he based the period of confinement involved on 18 USC § 1503 rather than upon District of Columbia Code, Title 22, § 22-701, which provided for a lesser incarceration. In so holding, we necessarily concluded that reference to the Code sections was required only to determine the maximum limitation on confinement, for we directed reassessment by the board of review on the basis of a legally possible sentence of dishonorable discharge, total forfeitures, and confinement at hard labor for three years. In like manner, for the same offense as here, we approved sentences in United States v Long, supra, which our records indicate included punitive discharges.

If the President has, as we believe, made reference to the United States Code only for purposes of setting a maximum limitation on those portions of a sentence relating to confinement and fine, where may authority for imposition of a dishonorable discharge be found? Here, the answer is clearly delineated, for as was stated at the outset, absent the prescription of any limitation under Code, supra, Article 56, a court-martial's power to punish under the Code for offenses in violation thereof is as it "may direct" or, as provided in Code, supra, Article 134— the statute here involved—"at the discretion of that court." The only boundary is, as noted here by the United States, that it may not adjudge any penalty forbidden by the Uniform Code, *i.e.,* a cruel and unusual punishment, the death penalty except where specifically authorized, or certain expressly prohibited punishments. Imposition of a sentence to punitive discharge falls in none of these categories and has long

been recognized in military law as a permissible penalty. Winthrop's Military Law and Precedents, 2d ed, 1920 Reprint, pages 399, 433; Code, supra, Articles 65, 66, 10 USC §§ 865, 866. Accordingly, we must conclude that its adjudgment here was not illegal.

In sum, then, we hold that the Presidential regulation set forth in paragraph 127c of the Manual, supra, which provides that reference shall be made under conditions there stated to the penalty set forth in appropriate sections of Title 18, United States Code, and the District of Columbia Code, is intended only to prescribe a maximum limitation on the amount of confinement or fine which may be adjudged by a court-martial. The question of other, different and additional classes of punishment remains unlimited except as proscribed by specific codal directives or possible constitutional considerations. It follows, therefore, that the accused was, in law, properly sentenced.

The decision of the board of review is affirmed.

Chief Judge QUINN and Judge KILDAY concur.