UNITED STATES, Appellee

v

DAVID K. MURRAY, Private, U. S. Marine Corps, Appellant

19 USCMA 109, 41 CMR 109

No. 22,451

December 5, 1969

*Captain Frank A. Nelson*, JAGC, USN, was on the pleadings for Appellant, Accused.

*Commander Richard L. Fruchterman, Jr.*, JAGC, USN, was on the pleadings for Appellee, United States.

PER CURIAM:

On initial review of the accused's conviction for two unauthorized absences, in violation of Article 86, Uniform Code of Military Justice, 10 USC § 886, the supervisory authority noted that the instructions as to sentence were inadequate under United States v Wheeler, 17 USCMA 274, 38 CMR 72. However, he concluded the accused was not prejudiced by the deficiency and approved the sentence, which includes a bad-conduct discharge. A board of review affirmed, and the accused appealed to this Court for further review of the correctness of the sentence instructions.

A bad-conduct discharge is authorized for the offenses of which the accused was convicted only because the aggregate confinement is more than six months. Manual for Courts-Martial, United States, 1969, paragraph 127c, section B, pages 25–17 and 25–18. The instructions do not mention this basis for imposition of the punitive discharge. The omission is prejudicial. United States v Yocom, 17 USCMA 270, 38 CMR 68.

The decision of the board of review as to the sentence is reversed. The record of trial is returned to the Judge Advocate General of the Navy for submission to the Court of Military Review. In its discretion, the Court of Military Review may order a rehearing of the sentence or reassess an appropriate sentence which does not include a bad-conduct discharge. United States v Wheeler, supra.