UNITED STATES

v.

Airman First Class Gary E. NELSON, FR 393–56–9396 8th Field Maintenance Squadron Fifth Air Force (PACAF).

ACM S24414.

U. S. Air Force Court of Military Review.

Sentence Adjudged 13 May 1976.

Decided 27 Aug. 1976.

Appellate counsel for the Accused: Colonel Jerry E. Conner and Major Marc G. Denkinger, USAFR.

Appellate counsel for the United States: Colonel Julius C. Ullerich, Jr.

Before EARLY, HERMAN and ORSER, Appellate Military Judges.

## DECISION

ORSER, Judge:

Tried by a special court-martial with members, the accused was convicted, despite his pleas of not guilty, of two specifications of assault consummated by battery, in violation of Article 128, Uniform Code of Military Justice, 10 U.S.C. § 928. The approved sentence is a bad conduct discharge, confinement at hard labor for three months, detention of $246.00 per month for three months, detained for a period of three months, and reduction to the grade of airman basic. The 3320th Retraining Group, Lowry Air Force Base, Colorado, was designated as the place for confinement.

Though neither of the offenses of which the accused was convicted is punishable by a bad conduct discharge, the discharge was nonetheless authorized on the basis that the aggregate confinement, without substitution, totaled in excess of six months. Manual for Courts-Martial, 1969 (Rev.), paragraph 127c, Section B. Unfortunately, the military judge failed to instruct the court members that the punitive discharge was authorized on that basis.[1] That omission constituted error. *United States v. Hutton*, 14 U.S.C.M.A. 366, 34 C.M.R. 146 (1964); *United States v. Yokum*, 17 U.S.C.M.A. 270, 38 C.M.R. 68 (1967); *United States v. Murray*, 19 U.S.C.M.A. 109, 41 C.M.R. 109 (1966); *United States v. Rowland*, 48 C.M.R. 652 (A.F.C.M.R.1974); *United States v. James*, 48 C.M.R. 746 (A.F.C.M.R.1974).

In two of our past decisions involving similar instructional error, *United States v. Rowland* and *United States v. James*, both supra, we recognized that such omission must be tested for specific prejudice to the accused. The test then applied, and still applicable, is whether there is a fair risk that no punitive discharge would have been imposed had the court members been properly instructed.

In *Rowland* we found no risk of prejudice because the accused and his counsel, with due attention to the requirements of *United States v. Weatherford*, 19 U.S.C.M.A. 424, 42 C.M.R. 26 (1970), specifically requested that the court impose a bad conduct discharge as a portion of the sentence. In

*James*, on the other hand, we were unable to discount the possibility that the court members might not have imposed a punitive discharge had they been made aware that considered singularly neither of the two unauthorized absence offenses charged authorized such punishment. See *United States v. Fjernstead*, 17 U.S.C.M.A. 287, 38 C.M.R. 85 (1967). In support of this conclusion we observed that James was youthful and had been in the Air Force only eight months when tried. Moreover, his counsel argued vigorously for leniency. Conversely, the trial counsel did not even argue that a bad conduct discharge was appropriate; he instead urged that extensive confinement be imposed. In order to cure the fair risk of prejudice there perceived, we reassessed the sentence, eliminated the punitive discharge and reduced the amount of the forfeited pay.

In the case at bar, the military judge's instructional omission was alertly detected by the staff judge advocate and discussed in his post-trial review. After carefully analyzing the circumstances, he concluded it was inconceivable that the giving of the omitted instruction would have exerted any influence on the court members in their sentencing deliberations. In spite of that conclusion, in the interest of caution and fairness the reviewer counseled the convening authority to reassess the sentence.[2]

Having carefully scrutinized the record, we agree with the reviewer's conclu-

---

1. See Manual for Courts-Martial, supra, paragraph 76b; Air Force Manual 111-2, Court-Martial Instructions Guide, paragraph 6-13c(b).

2. Though, as stated, the reviewer is commended for detecting and discussing the instructional error, there is at the same time another aspect of that discussion meriting comment. In discussing the instructional omission, the reviewer indicated that he personally reassessed the sentence and nonetheless found it appropriate. At first blush, the phrasing used gives the impression that since the reviewer has reassessed the sentence, the convening authority need not bother. Of course, the convening authority has an independent responsibility to reassess the sentence where circum-

stances warrant. See Article 64, Code, 10 U.S.C. § 864 supra; Manual for Courts-Martial, supra, paragraph 88. If the reviewer's statement stood alone, it would amount to incomplete advice. However, read in context with the entire review, it is clear the reviewer, in addition to his own reassessment action, advised the convening authority that he should personally perform that function. In consideration of the review as a whole, we see no fair risk that the convening authority was misled in his review of the case. *United States v. Morris*, 8 U.S.C.M.A. 755, 25 C.M.R. 259 (1958); *United States v. Sulewski*, 9 U.S.C.M.A. 490, 26 C.M.R. 270 (1958); *United States v. Hooper*, 11 U.S.C.M.A. 128, 28 C.M.R. 352 (1960).

sion and accordingly find no material prejudice to the substantial rights of the accused. Article 59, Code, 10 U.S.C. § 859, supra; *United States v. Keith*, 22 U.S.C.M.A. 59, 46 C.M.R. 59 (1972); *United States v. Rowland*, supra; *United States v. Gayle*, 35 C.M.R. 918 (A.F.B.R.1965). In the first place, at sentencing time the accused stood convicted of two consummated assaults which though facially relatively minor offenses on the basis of how charged, were shown by the evidence to have been committed in a rather vicious manner. The accused kicked one of the victims in the face with his booted foot as the individual was rising from a chair. The other victim was an inebriated individual, both older and smaller in stature than the accused. The accused initially knocked him off a barstool with a fist blow to the head; while the man was supine on the barroom floor, the accused proceeded to kick him in the head with his booted foot. As a consequence of this savage attack, the victim's cheekbone was injured to such a degree that he was hospitalized for approximately two weeks. During his hospitalization, the patient underwent surgery and a wire was permanently installed in his cheekbone to repair the damage.

Along with these circumstances, the court members were made aware that this was the second time in less than nine months that the accused was being punished by special court-martial for virtually identical as well as unrelated offenses. At his initial trial, the accused was convicted of two consummated assaults he perpetrated by striking the victim in the face with his fists, and an additional count of wrongfully possessing over 400 grams of marihuana. For those offenses he was sentenced to be confined at hard labor for two months and to forfeiture $100.00 of his pay per month for three months.

In light of these circumstances, we find ourselves unable to reasonably conceive that proper advice as to the basis for the punitive discharge would have exerted the slightest influence on the sentencing action of the court members. By the evidence of repetitive, violent conduct, the accused no doubt impressed the court members as being thoroughly incorrigible. Though evidence attesting to his excellent performance of duty was presented, and the accused testified he was sorry about the damage he had done and wished to remain in the Air Force, such evidence fell far short of counterbalancing the extreme negative impact of the aggravating matters presented by the Government. To paraphrase the late Chief Judge Quinn in his concurring opinion in *United States v. Yokum*, supra, the decided cases do not make reversal of the sentence an inexorable consequence of the failure to properly instruct. Such action is mandated only when there is a fair risk of prejudice. Here, we see no such risk. For the reasons stated, we are convinced that with or without the instruction, the sentence would have included a punitive discharge.

The findings of guilty and the sentence are

Affirmed.

EARLY, Senior Judge, and HERMAN, Judge, concur.