**UNITED STATES**

v.

**Airman First Class Gary E. NELSON, FR 393–56–9396, 8th Field Maintenance Squadron, Fifth Air Force (PACAF).**

**ACM S24414 (f. rev.).**

U. S. Air Force Court of Military Review.

Sentence Adjudged 13 May 1976.

Decided 26 Jan. 1977.

Appellate Counsel for the Accused: Colonel Robert W. Norris and Major Bruce R. Houston.

Appellate Counsel for the United States: Colonel Julius C. Ullerich, Jr., and Major Alvin E. Schlechter.

Before BUEHLER, HERMAN and ORSER, Appellate Military Judges.

## DECISION UPON FURTHER REVIEW

### PER CURIAM:

The record of trial in this case has been returned to this Court pursuant to an order of the United States Court of Military Appeals, dated 29 November 1976. In the order, the Court reversed our decision affirming the sentence, and directed that we either order a sentence rehearing or reassess an appropriate sentence which does not include a bad conduct discharge.

At issue in our initial decision was a sentence instructional omission by the military judge. The accused was convicted of two offenses, neither of which was punishable by a bad conduct discharge. The punitive discharge was nonetheless authorized on the basis that the aggregate confinement, without substitution, totaled in excess of six months. Manual for Courts-Martial, 1969 (Rev.), paragraph 127c, Section B. Although the military judge instructed the members that a bad conduct discharge was included in the maximum authorized punishment, he failed to inform them of the basis therefor. That omission constituted error, and we so held. *United States v. Nelson*, 2 M.J. 277 (A.F.C.M.R. 27 Aug. 1976).

On the basis of past decisions, we elected to test the error for prejudice. *United States v. Rowland*, 48 C.M.R. 652 (A.F.C.M.R.1974); *United States v. James*, 48 C.M.R. 746 (A.F.C.M.R.1974); see *United States v. Yokum*, 17 U.S.C.M.A. 270, 38 C.M.R. 68 (1967). Utilizing the test we deemed applicable, we found no fair risk the punitive discharge would not have been imposed had the court members been properly instructed, and accordingly affirmed the sentence. The Court of Military Appeals, as reflected above, did not agree with our resolution.

In consideration of the foregoing and in further light of the entire record, we believe the accused's sentence should be determined anew by a court-martial rather than reassessed by this Court. Accordingly, the record of trial is returned to The Judge Advocate General, United States Air Force, for referral to the convening authority for a rehearing on the sentence.* If the convening authority determines that a rehearing is impracticable, he may reassess an appropriate sentence that does not include a bad conduct discharge.

---

* At the rehearing, no sentence in excess of or more severe than the original sentence may be imposed, i. e., bad conduct discharge, detention of $246.00 per month for three months, detained for a period of three months, confinement at hard labor for three months, and reduction to airman basic.