**UNITED STATES**

v.

**Greg W. FINNEY, 237 06 0996, Aviation Structural Mechanic (Hydraulics) Airman Recruit (E–1), U. S. Navy.**

**NMCM 80 1896.**

U. S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 12 December 1979.

Decided 29 May 1981.

CAPT E. A. Burnette, USMC, Appellate Defense Counsel.

CDR John Bleveans, JAGC, USNR–R, Appellate Government Counsel.

LTCOL J. Dewayne Littlejohn, USMC, Appellate Government Counsel.

Before GREGORY, Senior Judge and DONOVAN and GLADIS, JJ.

GLADIS, Judge:

The accused was convicted at a special court-martial bench trial of a 10-month unauthorized absence in violation of Article 86, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 886, and sentenced to a bad-conduct discharge, confinement at hard labor for 3 months, and forfeiture of $250.00 per month for 3 months. Finding

1. The legal effect given to a set of undisputed facts is a question of law. *United States v.*

that deprivation of normal liberty for the purpose of indoctrination when no indoctrination occurred amounted to illegal pretrial detention, the military judge ordered that the accused be credited for illegal pretrial detention from 9 to 16 October 1979. The convening authority approved the sentence but reduced the confinement to 90 days in accordance with the pretrial agreement. He purported to disapprove the judge's ruling which found the indoctrination period to be illegal detention and stated that no credit would be applied to the sentence. The supervisory authority approved the sentence as approved by the convening authority.

The accused contends on appeal that the convening authority erred in purporting to disapprove the ruling of the military judge and refusing to credit the accused for illegal pretrial restraint. He asks that we set aside the forfeitures in excess of $250.00 per month for 2 months. Appellate Government counsel replies that the issue is moot because the accused served his approved confinement. We hold that the convening authority was not empowered to reverse a ruling favorable to the accused, made by the military judge within the ambit of his discretion, and increase the impact of the sentence. Therefore, we modify the sentence.

Article 51, UCMJ, 10 U.S.C. § 851, establishes the finality of the rulings by the military judge on questions of law.[1] Trial rulings are subject to review by a convening authority only as provided in the Uniform Code of Military Justice. *United States v. Ware*, 1 M.J. 282 (C.M.A.1976); *United States v. McElhinney*, 21 U.S.C.M.A. 436, 45 C.M.R. 210 (1972). Neither the Code, the *Manual for Courts-Martial, 1969 (Rev.)* (MCM), nor decisional law authorize a convening authority to reverse trial rulings favorable to the accused, which are made by a military judge acting within the scope of his authority. A convening authority is bound to honor such rulings. *Ware*, 1 M.J. 282, 284 n. 4 (C.M.A.1976).

*United States v. McElhinney, supra. Also see United States v. Strow*, 11 M.J. 75 (C.M.A.1981) (a decision adverse to the Government on a speedy trial motion is not subject to review and reversal by superior judicial authority). A military judge is authorized to judicially order an administrative credit for illegal pretrial confinement on the sentence adjudged. *United States v. Larner*, 1 M.J. 371 (C.M.A.1976). The convening authority may not increase the impact of a sentence. *Id.* at 373; paragraph 88a, MCM.

■ In this case the military judge entertained a defense motion challenging the legality of pretrial restraint and found that a period of indoctrination during which the accused was deprived of normal liberty was illegal pretrial detention. The judge was empowered to entertain the motion and order credit if he found illegal pretrial restraint. Although the accused was not confined, we believe that the principles announced in *United States v. Larner, supra*, govern. Thus, a judicially ordered credit for illegal pretrial restriction was authorized. Here the military judge acted within the ambit of his discretion. Consequently, we need not determine whether his ruling was erroneous. *Cf. Dettinger v. United States*, 7 M.J. 216 (C.M.A.1979); *United States v. Strow, supra; United States v. Redding*, 8 M.J. 719 (N.C.M.R.1979). This is not a case in which the military judge directed credit when he was not authorized to do so. *See Gragg v. United States*, 10 M.J. 732 (N.C.M.R.1980) (the convening authority in acting upon the sentence was not bound to give credit directed by the judge for pretrial confinement which the judge found to be legal), *rev'd on other grounds*, 10 M.J. 286 (C.M.A.1981) (when the military judge directed credit for legal pretrial confinement an ambiguity was created which must be resolved in favor of the accused by reducing the sentence as directed by the judge).

Since the judge in this case did not exceed the scope of his authority in adjudging the sentence and ordering credit for pretrial restraint which he found to be illegal, the convening authority was bound to give the credit ordered. In refusing to do so, he unlawfully increased the severity of the impact of the sentence adjudged when he purported to approve a sentence with a greater impact than that which the judge justifiably believed he had awarded. Therefore, a portion of the post-trial confinement served by the accused was illegal.

■ Appellate Government counsel argues that the accused is entitled to no relief because service of the approved confinement has rendered the issue moot. *United States v. Packer*, 8 M.J. 785 (N.C.M.R.1980), *pet. denied*, 9 M.J. 135 (C.M.A.1980). Even though an accused has served the approved sentence to confinement, improper post-trial confinement may justify adjustment of other aspects of the sentence through reassessment, if failure to afford relief would otherwise result in an injustice. *United States v. Hagler*, 7 M.J. 944, 952 (N.C.M.R. 1979). We find that the convening authority's unwarranted reversal of an unappealable ruling by the trial judge justifies relief in this case. Accordingly, reassessment of the sentence is required. Appellate Government counsel contends that if relief is afforded, it should be limited to an amount computed by reference to the Table of Equivalent Punishments, paragraph 127c (2), MCM. Reduction of forfeitures in accordance with the Table may not afford an adequate remedy for improper confinement. *Pearson v. Cox*, 10 M.J. 317, 319 (C.M.A. 1981). Therefore we shall give the accused the relief he seeks.

The findings of guilty and so much of the sentence as approved on review below as provides for a bad-conduct discharge, confinement at hard labor for 90 days, and forfeiture of $250.00 per month for 2 months are affirmed.

Senior Judge GREGORY and Judge DONOVAN concur.