UNITED STATES

v.

**Michael M. CUERVO, 084 44 8414, Mess Management Specialist Seaman Apprentice (E-2), U.S. Navy.**

**NMCM 82 2969.**

U. S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 19 Nov. 1981.

Decided 23 Feb. 1983.

LCDR David S. Durbin, JAGC, USNR, Appellate Defense Counsel.

LT Lois B. Agronick, JAGC, USNR, Appellate Defense Counsel.

MAJ E.D. Clark, USMC, Appellate Government Counsel.

Before BOHLEN, Senior Judge, and EOFF and KERCHEVAL, JJ.

BOHLEN, Senior Judge:

Tried by special court-martial, judge alone, appellant was found guilty of two specifications under Article 91, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 891 alleging disrespect in language and deportment, and assault on a superior petty officer in the execution of his office. The military judge, with Government counsel's concurrence, held both specifications multiplicious for sentencing and awarded a bad-conduct discharge, confinement at hard labor for four months, forfeiture of $300.00 pay per month for four months, and reduction to E-1. The convening authority approved only that portion of the sentence providing for a punitive discharge, forfeitures, reduction, and confinement at hard labor for two months.

On the recommendation of his staff judge advocate, the supervisory authority disapproved the findings relative to specification 2 which alleged an assault upon a superior petty officer. In the opinion of the supervisory authority, the petty officer had divested himself of his official status through his use of repeated profanity prior to the assault. Accordingly, the findings under specification 2 were modified to reflect a simple assault consummated by a battery under Article 128, UCMJ, 10 U.S.C. § 928. Upon reassessment, the supervisory author-

ity affirmed the sentence as adjudged without reference to the mitigating action taken by the convening authority.[1]

Appellant now challenges the supervisory authority's action on sentence, arguing that a punitive discharge is precluded by the supervisory authority's decision on findings and the military judge's ruling at trial regarding multiplicity. While appellate Government counsel suggests that any decision on multiplicity was rendered moot by the subsequent action disapproving the findings under specification 2 of the Charge, we find that argument unpersuasive. The Government suggests that the military judge's ruling on multiplicity hinged upon the fact that the offenses were both brought under Article 91, UCMJ, and thus addressed similar societal interests. By approving the lesser included offense under Article 128, the supervisory authority eliminated this basis for a ruling on multiplicity and thus might apply the rationale of the escalator clause under paragraph 127 *c, Manual for Courts-Martial, 1969 (Rev.)* (MCM). Absent escalator clause treatment, disrespect in deportment under Article 91, UCMJ, and simple battery under Article 128, UCMJ, would not authorize a punitive discharge as a permissible punishment.

While appellate decisions have posited several tests for determining multiplicity for sentencing, *United States v. Harrison,* 4 M.J. 332 (C.M.A.1978), a review of the record reveals that the military judge's decision to consider these specifications as a single offense focused upon the closely intertwined fact pattern presented. According to the military judge,

Trial counsel and I believe that for sentencing purposes only, these two offenses will be considered as one because they are so closely connected in time and based upon your impulses and all the circumstances of the case.

Apparently, the determinative factor, in the judge's opinion, was not the status of the victim nor the societal interests addressed under Article 91, UCMJ.

In this respect, the military judge mirrored the standard applied by this Court when confronted with similar facts in *United States v. Wakeland,* No. 77 1805 (N.C. M.R. 31 January 1978). There we held that disrespect and assault upon a non-commissioned officer reflected a "course of conduct wherein the two offenses have a similar combination of like object and constitute an insistent flow of events ...." Similarly, in the instant case, appellant's disrespectful deportment and closely contemporaneous assault on the petty officer stemmed from a "single impulse" to avoid compliance with the petty officer's orders. Under these circumstances, we cannot conclude that the military judge's ruling on multiplicity was inappropriate.

The supervisory authority's modification of the trial findings to reflect a violation of Article 128, UCMJ, vice Article 91, UCMJ, does nothing to undermine that ruling. The staff judge advocate's post-trial review correctly notes that the offenses, represented by the findings as modified, each require proof of separate elements. Normally, such diverse elements of proof would justify treating those offenses as separate for purposes of determining sentence. See paragraph 76a, MCM. Yet paragraph 76a(5)(a) expressly provides an exception for two or more offenses arising from a single impulse of intent. Given the obvious ambiguity within paragraph 76a, the Court of Military Appeals has concluded that "lenity should be applied in favor of the person to be sentenced." *United States v. Baker,* 14 M.J. 361, 370 (C.M.A.1983). Moreover, in correcting an improvident plea to specification 2 under Article 91, UCMJ, the supervisory authority remained bound by the trial ruling on multiplicity favorable to appellant. *United States v. Finney,* 11 M.J. 718, 719 (N.M.C.M.R.1981). A decision that these offenses merge for purposes of sentencing precludes the possibility of employing the escalator clause.

1. Appellate defense counsel correctly notes that the supervisory authority could only approve that sentence as approved and partially mitigated by the convening authority. We will provide corrective action.

In like manner, any limitation prescribed by the President can only set forth a maximum beyond which the court members may not go in exercising their discretion . . . .

The President has exercised the authority delegated him by Code, supra, Article 56, and has prescribed maximum limitations upon sentences which may be adjudged by courts-martial for various offenses under the Uniform Code . . . For a large number of crimes, he has set forth precise limitations in a Table of Maximum Punishments.

*United States v. White,* 12 U.S.C.M.A. 599, 31 C.M.R. 185, 186 (1962).

The clear import of statutory and decisional law is that the Table of Maximum Punishments is to be applied in the trial setting and is binding, first and foremost, upon the military judge and court-martial members. As an integral part of the Table of Maximum Punishments, the escalator clauses would seem equally narrow in their application. Thus the Court of Military Appeals repeatedly has discussed the importance of properly instructing court members on the application of the escalator clause and the possible mitigating effect of such an instruction on sentence deliberations. *United States v. Murray,* 19 U.S.C.M.A. 109, 41 C.M.R. 109 (1969); *United States v. MacQuarrie,* 17 U.S.C.M.A. 529, 38 C.M.R. 327 (1969); *United States v. Hutton,* 14 U.S.C.M.A. 366, 34 C.M.R. 146 (1964).

■ Conversely, these sentence enhancing provisions are not intended to provide a basis for approving a punitive discharge where reviewing authorities have modified findings announced at trial. While vested with a judicial responsibility within the appellate process, the convening and supervisory authorities act outside the trial process itself. *United States v. Cansdale,* 7 M.J. 143 (C.M.A.1979). This dichotomy is reflected in Article 60 of the Code, 10 U.S.C. § 860 which speaks of initial review "[a]fter a trial by court-martial . . ." If, as the Code implies, reviewing authorities are divorced from the trial process, then by inference the escalator clauses remain as sentencing provisions beyond their reach. *Cf. United States v. Prescott,* 2 U.S.C.M.A. 122, 6 C.M.R. 122 (1952).

Accordingly, we affirm the findings of the supervisory authority and affirm only so much of the sentence as provides for confinement at hard labor for two months, and reduction to E–1.

Judge EOFF and Judge KERCHEVAL concur.